UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10618-RWZ

CHRISTOPHER GALLO

v.

W.B. MASON COMPANY, INC.

ORDER

November 15, 2010

ZOBEL, D.J.

Plaintiff Christopher Gallo sues his former employer, defendant W.B. Mason Company, Inc., for gender discrimination and unlawful retaliation prohibited by federal and state law.  Gallo alleges that he witnessed his supervisor verbally harass several female employees, that he made repeated attempts to stop the harassment, and that "he was ultimately terminated . . . based upon his reporting and resisting discrimination and harassment."  (Compl. ¶ 6, Docket # 1.)  Gallo also alleges that he was asked to participate in illegal attempts to put competitor companies out of business, that defendant was illegally recording the conversations of employees, and that his resistance to this illegal conduct further contributed to his wrongful termination.

He brings a five-count complaint asserting (1) unlawful gender discrimination under Title VII, 42 U.S.C. § 2000e-2; (2) unlawful retaliation under Title VII, id. at § 2000e-3; (3) unlawful gender discrimination under Mass. Gen. Laws ch. 151B; (4) unlawful retaliation under Mass. Gen. Laws ch. 151B; and (5) wrongful termination in

violation of public policy.  Defendants move to dismiss Count I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The facts must allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct.  <u>Id.</u>  A simple recitation of elements, or statements of legal conclusion, will not suffice.  <u>Id.</u>

Gallo argues that Count I of his complaint states a Title VII claim for gender discrimination on a theory of associational discrimination.  (Pl.'s Mem. in Opp'n 4-5, Docket # 7.)  It is an unsettled legal question whether Title VII prohibits gender-based associational discrimination, but, as a point of comparison, Title VII does prohibit associational discrimination on the basis of race, when a person of one race associates with third persons of another race and is therefore subjected to discriminatory animus.  <u>See, e.g.</u>, <u>Barrett v. Whirlpool Corp.</u>, 556 F.3d 502, 512 (6th Cir. 2009).  Such conduct falls within Title VII's prohibition of racial discrimination because the difference in race between the Title VII plaintiff and the third persons is the motivation for the discrimination.  <u>Id.</u>

Assuming, arguendo, that Title VII prohibits gender-based associational discrimination, Gallo's complaint falls to state such a claim.  The complaint alleges, expressly and repeatedly, that Gallo was fired because he protested discrimination against female employees, not because he was a male associating with females.  There is no allegation that he was discriminated against on the basis of <u>his</u> gender.

Defendant's motion to dismiss Count I (Docket # 5) is ALLOWED.


|     November 15, 2010     |     /s/Rya W. Zobel     |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |